IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-10041-08-WEB |
| | ) | |
| ROSA MARIA HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The defendant, Rosa Maria Hernandez, entered a guilty plea to accessory after the fact, in violation of 18 U.S.C. § 3. The defendant filed a motion for downward departure or variance. A review of the motion shows the defendant did not argue that a specific section of the Sentencing Guidelines establishes grounds for the court to depart pursuant to the United States Sentencing Guidelines. The court considers her motion pursuant to 18 U.S.C. § 3553.

Defendant requests a variance to a sentence of probation. In support of this argument, defendant argues that she is a mother to 8 children, and that she did not have knowledge of her husband's, Agustin Hernandez, drug business. Defendant argues that she is not a threat to re-offend.

The Government argues that the defendant did have knowledge of her husband's drug business, and she has assisted him in the business since 2006. The Government argues that Rosa Hernandez was intercepted on many occasions talking to Agustin Hernandez about money and transactions, both before and after he absconded to Mexico.

Defendant does not argue that U.S.S.G. § 5H1.6 sets forth grounds for a departure, although that is not fatal to her argument. § 5H1.6 states that family ties and responsibilities are

1

not ordinarily relevant to determine if a departure is relevant. The application notes state the court can consider a departure if the defendant is the primary caretaker, or provides financial support to the family. Since Agustin Hernandez has absconded to Mexico, Rosa Hernandez is the primary caretaker for the children. However, before Agustin Hernandez fled to Mexico, the family's main source of income was the drug business. A review of defendant's work history shows that while she was married to Agustin Hernandez, she did not work. She obtained a job after Agustin fled the country. A departure under this section is not warranted. Although defendant obtained a job after Agustin left the county, it is evident by the phone conversations that Agustin continued his drug business, and defendant was a part of the drug business. Defendant's imprisonment does not exceed the harm ordinarily incident to incarceration for a similar defendant.

Defendant's argument that she was unaware of her husband's drug business is not supported by the factual record in the plea agreement, by the offense conduct set forth in the presentence report, or by the evidence presented at the sentencing hearing. The facts before the court show that Rosa was assisting her husband, Agustin Hernandez, in his drug business, in 2006, and continued until 2009. She assisted him by accepting money from the drug transactions, and assisting with drug deliveries. This conduct continued until 2008, when Agustin Hernandez absconded to Mexico, and defendant knew there was an active warrant for him. Defendant continued to assist him with distributing drugs into the United States, by moving money and drugs, all the while, knowing there was an active warrant for her husband's arrest. Rosa never shared her knowledge of Agustin's whereabout with law enforcement.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater

than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553. The court has considered the factors set forth in 18 U.S.C. § 3553, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.

The defendant has not set forth sufficient facts for a variance under 18 U.S.C. § 3553. Defendant assisted in drug distribution in the Wichita area for over three years, and she did not disclose information to law enforcement regarding the whereabouts of her husband. In regard to the defendant's risk of re-offending, the court finds it telling that even after knowing that her husband had been indicted on federal drug charges, she continued to assist him in his drug business. This is also an indication of the defendant's lack of respect for the law. The court has reviewed the possible sentences of the co-defendants in this case. Possible sentences range from 18 months imprisonment, to life imprisonment. The court finds that a sentence at the low end of the guideline range, 70 months, will provide just punishment for the defendant, and protect the public from further crimes of the defendant. Although the defendant does not have a criminal record, it is evident that she participated in the trafficking and distribution of drugs for a number of years, and continued even after the United States issued a warrant for the arrest of her husband. The court also notes that the defendant was aware of the consequences of her involvement. In criminal case 08-10106-JTM, defendant's husband, and her brother-in-laws, were indicted. Her brother-in-laws were convicted, and they are all currently serving a sentence of imprisonment. However, armed with this knowledge, defendant continued to assist her husband in his business. The defendant's motion for a departure or variance is denied.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's request for a downward departure or variance pursuant to 18 U.S.C. § 3553 is DENIED.

SO ORDERED this 18th day of October, 2010.

    s/ Wesley E. Brown
Wesley E. Brown
Senior U.S. District Judge